IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **KALANDRA MYERS,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 1:22-CV-119** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **KALANDRA MYERS** ("Plaintiff") and files her *Original Complaint* against **THE UNITED STATES OF AMERICA** to recover for personal injury damages proximately caused by the negligent acts and omissions of a government employee in accordance with the Federal Tort Claims Act and would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, **KALANDRA MYERS**, is an individual residing in Bon Wier, Newton County, Texas.

2. Defendant, the **UNITED STATES OF AMERICA**, is a political entity subject to suit under the Federal Tort Claims Act 28 U.S.C. § 1346(b) and may be served with process in accordance with FED. R. CIV. P. 4(i) by serving a copy of the Summons and Complaint on United States Attorney for the Eastern District of Texas, Brit Featherston, by certified mail, return receipt requested at 350 Magnolia Avenue, Suite 150, Beaumont, Texas 77701; and by sending a copy of the Summons and Complaint by certified mail to Merrick B. Garland, U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530-0001.

3. At all times material, non-party, **KELSEY BRYAN**, was an employee driver of the **UNITED STATES POSTAL SERVICE**, (hereinafter, "USPS"), a United States government agency explicitly authorized by the United States Constitution and an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," and 39 U.S.C. §409(c) which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. Venue is proper in the district pursuant to 28 U.S.C. §1397(e), and 28 U.S.C. 1402(b), as because Plaintiff resides in and is domiciled in this district.  Further, venue is proper pursuant to 28 U.S.C. §1391(e) and §1402(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III. CONDITIONS PRECEDENT

6. Plaintiff has satisfied all necessary prerequisites to filing suit in this Court.  Plaintiff pleads pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to USPS on November 12, 2020.  Plaintiff's Claim for Damages, Injury or Death submitted to USPS is attached hereto as **Exhibit 1**.  Greater than six (6) months have passed since these claims have been presented, and Defendant has failed to resolve the claims.  Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV. FACTS

7. This action is brought against the United States of America and USPS pursuant to and in compliance with Title 28 U.S.C. §§2671-2680 and 39 U.S.C. §101 *et seq.*, commonly referred to as the "Postal Reorganization Act." Liability of USPS is predicated specifically on Title 28 U.S.C. §§ 1346(b) and 2671-2680 and 39 U.S.C. §409 because the personal injuries and resulting damages of which this complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of USPS in Orange, Texas.

8. At all times material hereto, all persons involved in supervising and operating the USPS vehicle in question were agents, servants, and/or employees of the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

9. On or about May 27, 2020, Plaintiff **KALANDRA MYERS** was driving her vehicle northeast on SH 12 in Orange, Texas in a safe and reasonable manner. At the same time, **KELSEY BRYAN** was operating a USPS mail truck within the course and scope of her official duties as a government employee. Around 12:10 p.m., **KELSEY BRYAN** attempted a left turn across SH-12, unsafely entering Plaintiff's lane of travel. Despite Plaintiff's best efforts to stop or avoid the mail truck, a crash occurred between Plaintiff's vehicle and the USPS truck. This crash was brought about to occur and was proximately caused by the negligence of the Defendants and, as a result, **KALANDRA MYERS** suffered the injuries, damages and losses made the basis of this lawsuit.[1]

10. Further, Plaintiff would show the vehicle operated by **KELSEY BRYAN** was owned by and used in the regular course of business for USPS and **KELSEY BRYAN** was an employee of

---

[1] Officer Wilson with the Department of Public Safety for the state of Texas investigated the crash and found the USPS driver, Kelsey Bryan, solely responsible. Officer Wilson also issued a citation to the USPS driver for turning when it was unsafe.

"the government" and acting "within the course and scope of her employment" as those terms and phrases are defined by 28 U.S.C. §2671, *et seq.*

## V. NEGLIGENCE

11. Paragraphs 1-10 are adopted by reference.

12. Plaintiff contends that on the occasion in question, **KELSEY BRYAN**'s acts or omissions, while in the course and scope of her employment with Defendant or under the control and supervision of USPS, constituted negligence and negligence *per se* which proximately caused the motor vehicle collision made the basis of this action and the injuries and damages of Plaintiff. Such negligent acts include:

   (a) Failing to keep a proper lookout as a person of ordinary care would have kept under the same or similar circumstances;

   (b) Failing to make timely or proper application of the brakes of her vehicle as a person using ordinary care would have done in order to avoid the collision in question;

   (c) Failing to apply the brakes on her vehicle as a person using ordinary care would have done in order to avoid the collision in question;

   (d) Failing to take proper evasive action to avoid the collision as a person using ordinary care would have done in order to avoid the collision in question;

   (e) Failing to yield the right-of-way to Plaintiff;

   (f) Failing to make a safe turn. Officer Wilson cited the USPS driver for turning when it was unsafe;

   (g) Failing to control speed or travel at a speed reasonable under the circumstances; and

   (h) In other acts of omission and/or commission to be specified at the time of trial after an adequate time for discovery has passed.

13. Each of these acts or omissions set forth in the preceding paragraph, singularly, or in combination with others, constitute negligence which proximately caused the collision made the basis of this action and the injuries and damages to Plaintiff.

4

## VI. DAMAGES

14. As a result of the incident made the basis of this lawsuit, Plaintiff **KALANDRA MYERS** suffered severe, significant, disabling and life-altering personal injuries, damages and losses. As such, she is entitled to recover and hereby sues for the recovery of the following elements of damages:

   (a) Reasonable and necessary medical and other health care-related expenses sustained in the past and which, in reasonable probability, she will sustain in the future;

   (b) Loss and/or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, she will sustain in the future;

   (c) Physical pain sustained in the past and which, in reasonable probability, she will sustain in the future;

   (d) Mental anguish and emotional distress sustained in the past and which, in reasonable probability, she will sustain in the future;

   (e) Physical impairment sustained in the past and which, in reasonable probability, she will sustain in the future;

   (f) Physical disfigurement sustained in the past and which, in reasonable probability, she will sustain in the future;

   (g) Loss and/or impairment of her enjoyment of life sustained in the past and which, in reasonable probability, she will sustain in the future;

   (h) Property damage to her vehicle including repair costs, loss of use, diminution of value, storage fees, towing fees, and other related property damage; and

   (i) Other damages to be specified after an adequate time for discovery and/or upon trial of this case.

16. These injuries, damages and losses were brought about to occur and were proximately caused as a result of the collision made the basis of this lawsuit.

## VII. PRAYER

17. Plaintiff prays Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff has a judgment against said Defendant for all damages together with both pre-judgment and

post-judgment interest, at the legal rate thereon, for costs of court, and for such other and further relief, special and general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, L.L.P.**
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409)832-9700 - telephone
(409)832-9708- facsimile

*/s/ Cody Dishon*
_____

**Cody A. Dishon**
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
agardner@thefergusonlawfirm.com
**Samantha L. Leifeste**
State Bar No. 24116662
sleifeste@thefergusonlawfirm.com


**REES LAW FIRM**
215 Orleans Street, Suite 100
Beaumont, Texas 77701
(409) 291-5119 (telephone)
(409) 600-2196 (fax)
**Cody Rees**
State Bar No. 24083719

**ATTORNEYS FOR PLAINTIFF**